MARSHALL *v.* PACKARD *et al.*

(*Circuit Court, D. Massachusetts.* August 29, 1892.)

No. 2,875.

**PATENTS FOR INVENTIONS—TRIVIAL IMPROVEMENTS—BOOTS AND SHOES.**
Letters patent No. 340,135, issued April 20, 1886, to Howard T. Marshall for improvements in boots and shoes designed more particularly for playing lawn tennis, claim substantially (1) a continuous rubber sole with projections at the heel and tread, all molded from a single blank; and (2) the same features, with the addition that the projections shall be conoidal and arranged in regular order. *Held,* that the improvement is of a trivial and unpatentable character.

In Equity. Bill by Howard T. Marshall against Fred Packard and others for infringement of letters patent No. 340,135, issued April 20, 1886, to complainant. The invention relates to boots and shoes "more

particularly designed for use in playing lawn tennis, although capable of use for other purposes." Bill dismissed.

The claims of the patent are as follows:

"(1) A boot or shoe having an outer sole permanently secured to the upper and inner sole, and its outer or treading surface made of india rubber or any of its compounds, and provided with independent projections integral with said rubber, and severally separated from each other, and with the surface of the sole exposed between and around them, substantially as described, and for the purpose specified."

"(2) A boot or shoe having an outer sole permanently secured to the upper and inner sole, and its outer or treading surface made of india rubber or any of its compounds, and provided with independent projections integral with said rubber of conoidical and in planes parallel with said outer surface of circular or substantially circular form, and severally separated from each other, and with the surface of the sole exposed between and around them, substantially as described, and for the purpose specified."

*Maynadier & Beach*, for complainant.
*Bentley & Blodgett*, for defendants.

PUTNAM, Circuit Judge. The claims in this patent are not restricted to boots or shoes for any designated uses; nor does any technical limitation appear in the specifications without which the claims could not be understood, although they state that the alleged invention relates more particularly to shoes for playing lawn tennis. Stripped of all verbiage, the first claim, as properly construed in connection with the specifications, is for a continuous rubber sole with projections at the heel and tread, all molded from a single blank. The second claim adds to the first that the projections shall be conoidal, and arranged in certain regular order. Whatever there is more than this appears to be mere sound. The only advantages claimed by the patentee are that these projections, "especially in playing lawn tennis and like games," "act to secure a most firm and close footing of the boot or shoe upon the ground or floor;" that they thus "tend to obviate the liability or danger of the wearer slipping;" and that the peculiar form and arrangement of the projections present a "much neater appearance than they would if they were of a square, triangular, or lozenge shape in similar planes," and also give an "increased serviceability and durability."

The court listened to the oral arguments, and has read carefully complainant's brief, for the purpose of ascertaining what there is in any of this beyond the most trivial detail, but without result. The point of want of patentability is taken by the defense, and I think it must prevail. There have been of late so many decisions of the supreme court against patents for trivial improvements that it is not necessary to refer to any of them, and merely because of its peculiar aptness I cite *Burt* v. *Evory*, 133 U. S. 349, 10 Sup. Ct. Rep. 394.

Bill dismissed, with costs for defendants.